BRIAN LOW
v.
DIANE BOLOGNA AND WILLIAM F. BOLOGNA.
No. 2008 CA 2578.
Court of Appeals of Louisiana, First Circuit.
June 19, 2009.
Not Designated for Publication
VALERIE BRIGGS BARGAS, Attorney for Plaintiff-Appellant Brian Low.
DWIGHT L. ACOMB, WILLIAM F. BOLOGNA, Attorneys for Defendants-Appellees, Diane Bologna and William F. Bologna.
Before PETTIGREW, McDONALD, and HUGHES, JJ.
PETTIGREW, J.
In September 2005, the plaintiff, Brian Low, leased a house located in Prairieville, Louisiana, to the defendants, Diane and William F. Bologna, after the Bolognas were displaced from their home in the New Orleans area following Hurricane Katrina. When the Bolognas vacated the premises in late 2005, the parties disputed whether there was a written lease agreement between them and disagreed over the term of the lease. Mr. Low alleged that there was a one-year written lease, or in the alternative, a one-year oral lease of the property, and that the Bolognas had breached the agreement. The Bolognas argued there was never any written lease between the parties, nor was there an agreement that the lease would be for a term of one year.
Mr. Low subsequently filed the instant action against the Bolognas, seeking damages, court costs, and attorney fees related to the alleged breach of the lease agreement. In response thereto, the Bolognas filed an answer, an exception raising the objection of no cause of action, and a reconventional demand asking that their $2,500.00 security deposit be returned to them. Following a bench trial, the trial court rendered judgment on July 11, 2008, as follows:
IT IS ORDERED, ADJUDGED AND DECREED:
1. On the main demand, that there be judgment rendered in favor of the plaintiff, Brian Low, and against the defendants, Diane and William Bologna, in the amount of Three Thousand, Five Hundred Dollars and Zero Cents ($3,500.00) for rent due for the month of January 2006, subject to a credit of Two Thousand, Five Hundred Dollars and Zero Cents ($2,500.00) for the deposit paid by the Bolognas and retained by Brian Low. The plaintiffs request for attorney's fees is denied.
2. On the reconventional demand, that there be judgment in favor of the plaintiff, Brian Low, and against the defendants, Diane and William Bologna. The defendants' claims against the plaintiff are hereby dismissed with prejudice.
3. That the defendants, Diane and William Bologna, pay all costs of these proceedings.
It is from this judgment that Mr. Low has appealed, assigning the following specifications of error:
(1) The Trial Court erred by failing to find that the parties agreed to the duration of a one-year lease agreement for the property located at 13594 Slalom Way, Prairieville, Louisiana;
(2) The Trial Court erred in failing to allow the introduction of Plaintiffs Exhibit F and Plaintiffs Exhibit K;
(3) The Trial Court erred in finding that any judgment rendered in favor of Mr. Low, entitling him to damages against the Defendants, should be subject to a credit for the damage deposit of $2,500.00; and
(4) The Trial Court erred in failing to award Mr. Low the remaining amount due under the one-year lease, or, at a minimum the amount due under the lease between January, 2006 and July, 2006, plus all costs incurred, including Court Costs and Attorneys' Fees.
The Bolognas answered the appeal, arguing that the trial court erred in finding that the termination date of the month to month lease was February 1, 2006, rather than January 1, 2006. Thus, the Bolognas assert that the trial court improperly awarded Mr. Low one month of additional rent. The Bolognas further contend they are entitled to the return of their $2,500.00 security deposit, as well as attorney fees and costs for Mr. Low's violation of La. R.S. 9:3251.[1]

DISCUSSION
On appeal, the parties challenge several of the trial court's findings of fact concerning the lease. It is well settled that an appellate court may not set aside a trial court's findings of fact unless: (1) the appellate court finds from the record that a reasonable factual basis for the finding of the trial court does not exist, and (2) the appellate court determines that the record establishes that the finding is clearly wrong (manifestly erroneous). Stobart v. State through Dept. of Transp. and Development, 617 So.2d 880, 882 (La. 1993).
If the findings are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Furthermore, when factual findings are based on the credibility of witnesses, the fact finder's decision to credit a witness's testimony must be given "great deference" by the appellate court. Rosell v. ESCO, 549 So.2d 840, 844 (La. 1989). Thus, when there is a conflict in the testimony, the reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, although the appellate court may feel that it own evaluations and inferences are as reasonable. Id.
In its reasons for judgment, the trial court addressed, in detail, the evidence on which its findings of fact and law were based. It is clear there was conflicting testimony concerning the nature and the term of the lease. However, the trial court considered all of the testimony adduced and physical evidence introduced in reaching the conclusion that there was no written lease between the parties and no agreement between the parties regarding the term of the lease. In this regard, the trial court noted as follows:
After examining the evidence offered at trial and considering the testimony of the witnesses, the Court finds that there was no written lease between the parties. While the parties may have intended to enter into a written lease, no such writing was ever perfected. Therefore, the Court must decide whether the parties agreed on the duration of the term. La. C.C. Art. 2680. The Court finds that there was never an agreement between the parties that the Bolognas would rent the house for one year. Mr. Bologna testified that Mr. Low told him he was considering selling the property after January 1, 2006, and his testimony was corroborated by the fact that Mr. Low left the "For Sale" sign in the front yard of the property for much of the time that the Bolognas were occupying the house. Because there was no agreement between the parties regarding the duration of the term, the lease on the property was month-to-month, in accordance with La. C.C. Art. 2680(2).[2]
With regard to the termination date of the lease, the trial court made the following factual findings:
The evidence showed that the Bolognas paid rent through December 2005, and they vacated the premises sometime near the end of December 2005. When a lease is month-to-month, notice of termination of the lease must be given at least ten calendar days before the end of that month. La. C.C. Art. 2728. Although the Bolognas prepared a letter notifying Mr. Low of their intent to vacate in November 2005, there is no proof that the letter was received by Mr. Low until December, and the exact date of his receipt was unknown to the parties. According to La. C.C. Art. 2729. "If the leased thing is an immovable . . . the notice of termination shall be in writing. . . . In all cases, surrender of possession to the lessor at the time at which notice of termination shall be given under Article 2728 shall constitute notice of termination by the lessee." Because it is unclear as to when Mr. Low received the Bolognas' written notice of termination, the date of termination must be determined by the date on which the Bolognas' surrendered possession of the premises. While the evidence shows that the Bolognas vacated the premises at the end of December, it is unclear whether they left within ten days of the end of the month, as would be required to terminate the lease in December. Therefore, the Court finds that the lease was not actually terminated until the end of January 2006, and the Bolognas are liable to Mr. Low for that month's rent. However, Mr. Low's request for attorneys' fees "in accordance with the lease agreement" is denied, as the Court has found there to be no valid written lease agreement. Mr. Low's request for additional damages for the time after the Bolognas vacated the premises until the house was sold in July 2006 is also denied. As the lease was month-to-month, the Bolognas were not obligated to rent the house for an entire year. They were obligated to pay rent only until the termination of the lease in January 2006.
As to the Bolognas' request that their security deposit be returned to them, the trial court continued:
The Bolognas also ask that their deposit of $2,500.00 be returned to them. Mr. Low maintains that La. R.S. 9:3251, which governs the return of a lessee's security deposit, does not apply in this case because the Bolognas breached the lease agreement. La. R.S. 9:3251(A) provides that a landlord must return a lessee's security deposit "except that the landlord or lessor may retain all or any portion of the advance or deposit which is reasonably necessary to remedy a default of the tenant or to remedy unreasonable wear to the premises. If any portion of an advance or deposit is retained by a landlord or lessor, he shall forward to the tenant or lessee, within one month after the date the tenancy terminates, an itemized statement accounting for the proceeds which are retained and giving the reasons therefor." In this case, Mr. Low retained the Bolognas' deposit but did not provide an itemized statement to them. However, Subsection (C) of the same statute provides, "Paragraph A of this [Section] shall not apply when the tenant abandons the premises, either without giving notice as required or prior to the termination of the lease." Since the Bolognas left the premises in December 2005, and the lease did not terminate until the end of January 2006, R.S. 9:3251 does not apply in this case. The Bolognas' deposit of $2,500.00 shall be applied as a credit to the $3,500.00 owed to Mr. Low for the January 2006 rent.
We have thoroughly reviewed the evidence and relevant jurisprudence and agree with the essential factual findings and analysis provided in the trial court's reasons for judgment. We are convinced that the findings of the trial court are reasonable in light of the record in its entirety. Certainly, we see no manifest or reversible error. The arguments made by the parties on appeal are without merit. Therefore, we affirm the trial court's judgment in accordance with Uniform Rules-Courts of Appeal, Rule 2-16.IB. All costs associated with this appeal are assessed equally between the parties.
AFFIRMED.
NOTES
[1] Louisiana Revised Statutes 9:3251 provides, in pertinent part, as follows:

A. Any advance or deposit of money furnished by a tenant or lessee to a landlord or lessor to secure the performance of any part of a written or oral lease or rental agreement shall be returned to the tenant or lessee of residential or dwelling premises within one month after the lease shall terminate, except that the landlord or lessor may retain all or any portion of the advance or deposit which is reasonably necessary to remedy a default of the tenant or to remedy unreasonable wear to the premises. If any portion of an advance or deposit is retained by a landlord or lessor, he shall forward to the tenant or lessee, within one month after the date the tenancy terminates, an itemized statement accounting for the proceeds which are retained and giving the reasons therefor. The tenant shall furnish the lessor a forwarding address at the termination of the lease, to which such statements may be sent.
[2] Louisiana Civil Code article 2680 provides, in pertinent part, as follows:

If the parties have not agreed on the duration of the term, the duration is established in accordance with the following rules:
....
(2) Any other lease of an immovable, or a lease of a movable to be used as a residence, shall be from month to month.